I must therefore overrule these motions with costs.

---

MICHAEL BROWN vs. BYRON R. PORTER, RICHARD C. TRAVER AND AUGUST WIDDEMAN, Administrator, &c., of CHARLES BRUTLER, deceased.

The doctrine is well settled that a vendor of land, if he has taken no security, although he has made an absolute conveyance by deed, acknowledging full payment of the consideration, yet retains an equitable lien for the purchase money, unless there be an express or implied waiver and discharge of it.

A conveyance by the grantor without security, for the purpose of allowing the grantees to execute a mortgage on the property to a third person as security for a loan of money, to be used in payment of a portion of the purchase price, the grantor taking the grantee's personal bond, without security, for the payment of the remainder of the purchase price, is not a waiver of the equitable lien as to such remainder subject to the mortgage.

And in case of a sale of such premises by advertisement or foreclosure of the mortgage so given, such equitable lien for the remainder of the purchase price may be enforced against any surplus money remaining after payment of the mortgage and costs of foreclosure.

*Washtenaw Circuit in Chancery, December,* 1870.

*O. Hawkins,* for Complainant.

*Lawrence & Frazer,* for Defendants.

*By the Court,* HIGBY, J.—The bill alleges that complainant sold

a farm to 'Richard C. Traver and Charles Brutler for $1,500—$750 down, and the balance in four annual payments.

That the grantees had no money to pay down, and it was arranged that they might give to Robert McCormick a mortgage on the granted premises, to secure a loan of the money to make said down payment, and such mortgage was given to secure $800. That Traver and Brutler were partners as gunsmiths, and used the premises for their business until Brutler's death.

That for the balance of purchase price Traver & Brutler were to give and did give to complainant their bond, payable as above, instead of a mortgage, to enable grantees to give the mortgage to McCormick, and were to keep the premises insured and assign the policy to complainant as security, which, however, they did not do. That Brutler died, and August Widdeman was appointed his administrator.

That the mortgage to McCormick not being paid, was foreclosed by advertisament, February 5, 1870. The premises were sold at auction by defendant, Porter, as Sheriff, for $1,875

That after Brutler's death, Traver gave a mortgage to Lewis C. Risdon, for $295 23, payable in two ye rs from date, on which is now due $318 20.

The amount due with costs on McCormick's mortgage, at time of sale, was $991 60, leaving balance in Sheriff's (Porter's) hands, $566 20.

That Brutler died insolvent. That there is now due on the bond to plaintiff $420 50, and that the firm of Brutler & Traver was insolvent at Brutler's death, and that Traver is insolvent.

Complainant claims an equitable lien on surplus money in Sheriff's hands.

General demurrer to bill for want of equity.

JUDGE LAWRENCE for defendants, in support of the demurrer, claims that the complainant by conveying the land for the purpose of enabling the grantees, Traver & Brutler, to give the mortgage to McCormick, and receiving only their bond for the balance, waived his claim to an equitable lien on the land for the balance of the purchase price.

It is not disputed, indeed the doctrine is very clearly settled, that the vendor of land, if he has taken no security, although he has

made an absolute conveyance by deed, acknowledging full payment of the consideration, yet retains an equitable lien for the purchase money, unless there be an express or implied waiver or discharge of it.

It is insisted in support of this demurrer, that a waiver by the vendor of his lien for any purpose whatever, is necessarily a waiver of it entirely, and therefore by waiving the lien for the purpose of enabling the vendees to give this mortgage, the vendor has lost his lien for the balance of the purchase price. I do not think this can be so.

The presumption is in favor of the vendor's lien, and a waiver either express or implied, must be shown affirmatively. 1 *Leading Cases in Equity*, and cases there cited ; 3 *American Ed.*

All that can rightfully be presumed or inferred from the facts stated in the bill, is that the vendor so far waived his lien as to consent that the mortgage to be given to McCormick should have priority over his lien, This was secured to McCormick, and there is nothing in the circumstances detailed in the bill to show that any thing more was intended.

I must hold, therefore, that subject to the McCormick mortgage, the vendor's lien remained unimpaired, except as to subsequent purchasers or incumbrances in good faith. Risdon having received his mortgage from Traver without notice of complainant's lien, must of course have preference.

It is further claimed in support of the demurrer that complainant's lien could only attach to the land, and cannot reach the surplus money in the Sheriff's hands, and the land having been sold on the foreclosure of the mortgage, his lien is lost.

But what is this surplus money but a remainder of the estate left undisposed of after full satisfaction of the mortgage ?

It is as though a portion only of the property had been sold on foreclosure for the satisfaction of the mortgage, leaving the remainder discharged from its incumbrance. There can be no doubt in such case that the equitable lien on such remainder would have remained unaffected by the foreclosure. In the same way and to the same extent it remains good upon this surplus money. No principle is better established than that a court of equity, when necessary to protect the rights of parties, will follow property, however it may be changed, so long as it can be identified. It may be changed from

money to land or the reverse, yet so long as it can be identified and shown to be the result or avails of the same property to which the lien originally attached, the Court will protect the equitable rights of parties in it.

The demurrer must be overruled with costs.